J-S77014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM RICHARD ALLEN, | |
| Appellant | No. 970 MDA 2017 |

Appeal from the PCRA Order Entered May 17, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004008-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:  **FILED FEBRUARY 02, 2018**

Appellant, William Richard Allen, appeals *pro se* from the post-conviction court's May 17, 2017 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Briefly, on December 7, 2009, Appellant pled guilty to various offenses, including possession with intent to deliver a controlled substance and possession of a firearm by a person prohibited.  That same day, he was sentenced to an aggregate term of 5 to 10 years' incarceration.  Appellant did not file a direct appeal and, thus, his judgment of sentence became final on January 6, 2010.  ***See*** 42 Pa.C.S. § 9545(b)(3) (directing that a

_____

[*] Former Justice specially assigned to the Superior Court.

judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (stating that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).

On June 15, 2016, Appellant filed the *pro se* PCRA petition underlying the present appeal. The PCRA court appointed counsel who filed a motion to withdraw on July 22, 2016. However, Appellant filed a *pro se* response, alleging that counsel had failed to satisfy the requirements for withdrawal set forth in **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Ultimately, the court denied counsel's motion to withdraw and directed counsel to review Appellant's *pro se* petition to ascertain if he could satisfy any exception to the PCRA's one-year time-bar.

On October 17, 2016, counsel filed another motion to withdraw, which addressed the timeliness issue as directed by the court. On November 7, 2016, Appellant filed a *pro se* response. However, on April 19, 2017, the PCRA court issued an order granting counsel's petition to withdraw and notifying Appellant of its intent to dismiss his petition without a hearing, as required by Pa.R.Crim.P. 907. Appellant filed a *pro se* response to the court's Rule 907 notice, but on May 17, 2017, the court entered an order denying his petition as untimely.

Appellant filed a timely, *pro se* notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement. Herein, he presents one issue for our review: "Does the denying of PCRA

relief despite a patent illegality of Appellant's sentence deprive him of the right to substantive due process?"  Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).  Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in January of 2010, making his petition filed in June of 2016 patently untimely. Accordingly, for this Court to have jurisdiction to review the merits of his claim, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). This is true even though Appellant challenges the legality of his sentence. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).

Instantly, Appellant argues that a mandatory minimum sentence imposed in this case is illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). There, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163. Appellant claims that *Alleyne* satisfies the 'new constitutional right' exception of section 9545(b)(1)(iii). However, our Supreme Court has expressly declared that *Alleyne* does **not** apply retroactively to collateral attacks on mandatory minimum sentences. *Commonwealth v. Washington*, 142 A.3d 810 (Pa.

2016). Therefore, Appellant cannot rely on *Alleyne* to meet the timeliness exception of section 9545(b)(1)(iii), and the PCRA court did not err in denying his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/18